IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff<br><br>    v.<br><br>JOE CORVETTE GONZÁLEZ-CARRO<br><br>    Defendant. | Criminal No. 11-cr-45-14(RAM) |

**OPINION AND ORDER**

This matter comes before the Court on Defendant Joe Corvette González-Carro's ("Defendant" or "González-Carro") *Notice of Appeal* entered on the docket on September 29, 2020, the United States Court of Appeals for the First Circuit's October 27, 2020 Order, and Mr. González-Carro's April 27, 2021 motion and affidavit. (Dockets Nos. 2090, 2097 and 2237). For reasons set out below, the Court extends the time to appeal and **retroactively** deems Defendant's September 29, 2020 *Notice of Appeal* at Docket No. 2090 to be **timely** filed.

**I.   BACKGROUND**

On September 1, 2020, the late Honorable Juan M. Pérez-Gimenez denied Mr. Gonzaléz-Carro's *Motion for Compassionate Release* filed at Docket No. 2048. (Docket No. 2079). Mr. González-Carro filed his *Notice of Appeal* from this order on September 29, 2020. (Docket No. 2090).

On October 27, 2020, the First Circuit issued an order directing the District Court to rule on whether it would enlarge the time for filing an appeal and consider the notice of appeal timely filed. (Docket No. 2097). The case was transferred to the undersigned upon Judge Pérez-Giménez's passing. (Docket No. 2110). On January 15, 2021, the Court issued an order to Mr. González-Carro directing him to explain why the circumstances surrounding his late filing of the *Notice of Appeal* amount to excusable neglect or good cause justifying an extension of time to file the notice. (Docket No. 2126). After several extensions of time, Mr. González-Carro complied with this Court's order on April 27, 2021. (Docket Nos. 2196, 2199, 2225 and 2237).

In his April 27, 2021 motion and affidavit Mr. González-Carro explains the circumstances surrounding his late filing of the notice of appeal. (Docket No. 2237). He posits that FCI Yazoo, the institution where he is being held, imposed controls on inmate movement in response to the COVID-19 pandemic. Id. at 1. The controls meant that inmates had to sign up to visit the law library, and they could only visit it once a week for forty-five (45) minutes. Id. at 1-2. Moreover, Mr. González-Carro is not fluent in English and relies on others for help. Id. at 2.

The Government has not opposed Mr. González-Carro's motion.

## II.  APPLICABLE LAW

Rule 4(b)(4) of the Federal Rules of Appellate Procedure provides that the time to appeal may be extended upon a showing of excusable neglect or good cause. It provides as follows:

> Upon a finding of excusable neglect or good cause, the district court may--before or after the time has expired, with or without motion and notice--extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P.4(b)(4).

Here, Mr. González-Carro filed his notice of appeal past the 14-day term provided by Fed. R. App. 4(b)(1)(A) but within the 30-day term under which the Court may consider enlarging the time to appeal upon a showing of good cause or excusable neglect. *See* Fed. R. App. P.4(b)(4).

The First Circuit has held that "good cause" exists where "the putative appellant's tardiness in filing a notice of appeal resulted entirely from external causes." Mirpuri v. ACT Mfg., Inc., 212 F.3d 624, 630 (1st Cir. 2000) (citing Scarpa v. Murphy, 782 F.2d 300 (1st 1986)). This because "[i]n such a situation, there is no neglect (and, thus, nothing to excuse)." Id. Where no such forces exist, then an extension of time can only be justified by a showing of excusable neglect. Id.

The finding of whether "excusable neglect" exists is "at bottom an equitable one, taking into account all relevant

circumstances surrounding a party's omission." Virella-Nieves v. Briggs & Stratton Corp., 53 F.3d 451, 454 (1st Cir. 1995) (quotation omitted); *see also* Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993). This analysis requires consideration of the following non-exhaustive factors identified by the United States Supreme Court in Pioneer: "[1] the danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." Tubens v. Doe, 976 F.3d 101, 105 (1st Cir. 2020) (quoting Pioneer, 507 U.S. at 395).

The First Circuit's Order at Docket No. 2097 directed this Court to consider Mr. González-Carro's *Notice of Appeal* in light of the United States Court of Appeals for the Second Circuit's Opinion in United States v. Batista. *See* United States v. Batista, 22 F.3d 492 (2nd Cir. 1994). In Batista, the Second Circuit held that where a criminal defendant files the notice of appeal past the Fed. R. App. 4(b) deadline, but before the thirty days afforded by the rule to request an extension have elapsed, "the district court should treat the notice of appeal as a request for an extension." Id. at 493. The Second Circuit also noted therein that allowing the district court to receive the putative appellant's

proffer of excusable neglect at a later point "does no violence to the letter or spirit of Rule 4(b)." Id.

### III. ANALYSIS

The preparation of a notice of appeal is not a "complicated or onerous task." United States v. Salcedo, 2006 WL 1549058 (D.R.I. 2006) (declining to find excusable neglect); Fed. R. App. 3(c) (prescribing the contents of a notice of appeal). Nevertheless, considering the totality of the circumstances and the Pioneer factors, the Court finds that Mr. González-Carro has shown excusable neglect and his notice of appeal should be deemed as timely filed. The Court addresses each factor briefly.

The danger of prejudice to the non-movant. Even considering Mr. González-Carro's motion is unopposed, the Court finds that his brief delay causes no prejudice to the Government.

The length of the delay. The envelope carrying Mr. González-Carro's *Notice of Appeal* is post-marked September 23, 2021, that is eight (8) days after the Fed. R. App. 4(b) deadline elapsed but well within the 30-day extension that Fed. R. 4(b)(4) allows. *See* United States v. Washington, 2020 WL 7643098 (D. Wash. 2020) (finding excusable neglect given pro-se litigant's 7-day delay, among other factors); United States v. Young, 2017 WL 6337462, at *1 (M.D. Ala. 2017) (holding that even though an inmate's motion had been docketed a day after the 30-day deadline, his motion was timely because it was signed and dated prior to the 30-day term).

*The reason for the delay*. Mr. González-Carro is a pro-se litigant serving a sentence of imprisonment. He is not fluent in English. (Docket Nos. 939 ¶ 86; 2237 at 2). Moreover, he depends on others and was subject to restrictions on the use of the law library due to the COVID-19 pandemic. (Docket No. 2237 at 2). These reasons justify his delay in filing the *Notice of Appeal*. *See also* Washington, 2020 WL 7643098, at *1 (considering, in the excusable neglect analysis, whether Defendant may have had limited access to counsel and to the law library due to the COVID-19 pandemic). Further, the Court also takes into consideration the fact that pro-se inmate litigants are limited in their ability to monitor the processing of their appeal. *See e.g.*, Houston v. Lack, 487 U.S. 266, 270-71 (1998); Oliver v. Comm'r of Massachusetts Dep't of Corr., 30 F.3d 270, 272 (1st Cir. 1994) (explaining that a "*pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay.") (quotation omitted); Mayne v. Hall, 122 F. Supp. 2d 86, 95-96 (D. Mass. 2000) (comparing an incarcerated litigant to a non-incarcerated one and stating that "[w]hereas a *pro se* prisoner has no choice but to rely on prison authorities and the postal service, a non-incarcerated litigant can monitor the delivery of his filing and voluntarily choose to rely on the postal service for such delivery.") (citing Houston, 487 at 271). !

<u>Whether the defendant acted in good faith</u>. There is no reason to believe Mr. González-Carro acted in bad-faith. His responses to the Court's various orders evince a consistent interest in preserving his right to appeal even though they were ostensibly delayed by the mail and hindered by the language barrier.

## VI. CONCLUSION

For the foregoing reasons, the Court extends the time to appeal and **<u>retroactively</u>** deems Defendant Gonzalez-Carro's September 29, 2020 *Notice of Appeal* at Docket No. 2090 to be **<u>timely</u>** filed. *See* <u>Batista</u>, 22 F.3d at 494 ("If the district court decides to grant an appropriate extension then the notice of appeal will become effective *nunc pro tunc*.").

The Clerk of the Court shall send a copy of this order to the United States Court of Appeals for the First Circuit and to Mr. González-Carro at:

```
            JOE CORVETTE GONZALEZ-CARRO
                  REG. 43226-069
                   Yazoo City Low
                   P.O. Box 5000
               Yazoo City, MS 39194
```

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 12th day of May 2021.

<u>S/ RAUL M. ARIAS-MARXUACH</u>
UNITED STATES DISTRICT JUDGE
